Thomas Cloyd v. Galveston, Harrisburg & San Antonio Railway Company.

Decided December 21, 1904.

**Fellow Servants—Engine Wipers.**

Evidence considered and held to show that plaintiff was not entitled to recover for injuries received while engaged in his occupation of cleaning and wiping an engine in the roundhouse preparatory to use, his injuries being caused by the negligence of a fellow servant.

Appeal from the District Court of Medina. Tried below before Hon. R. H. Burney.

*C. L. Bass,* for appellant.

*Baker, Botts, Parker & Garwood* and *W. B. Garrett,* for appellee.— Appellant having pleaded that he was hurt through the negligence of one Ramon Escamilla, and the undisputed testimony showing that if appellant was hurt at all it was through the negligence of said Escamilla, and the evidence, practically without dispute showing that said Escamilla was a fellow-servant with appellant, the appellant could not recover, and the errors, if any, are immaterial. Batts Civ. Stat., art, 4560g; Galveston, H. & S. A. Ry. Co. v. Cloyd, 78 S. W. Rep., 43; Long v. Railway, 94 Texas, 53.

JAMES, Chief Justice.—This is the second appeal. The former judgment in favor of Cloyd was reversed because the testimony made it appear that he and Ramon Escamilla, the person through whose act he was injured, were fellow servants, the injury occurring in the company's roundhouse during the process of cleaning an engine. At the recent trial the verdict was for the railway company. Inasmuch as we find that the evidence admits of only one result, viz: that plaintiff and Escamilla and others were engaged in the work of cleaning or wiping the engine and getting it in order while in defendant's roundhouse preparatory to its use, they were fellow servants, and it is immaterial what errors may have been committed in the charges.

Cloyd was under the engine, engaged in wiping a link and in such a position that he was hurt by reason of Escamilla, who was in the cab, moving the lever which caused the links to fly up and strike plaintiff in the side.

The evidence is not substantially different from that in the former record and fully stated in that opinion, 78 S. W. Rep., 43.

The testimony shows conclusively that Escamilla was engaged in the same work with plaintiff, and in every respect fellow servants, unless certain expressions in the testimony of the witnesses Cloyd, John Wesley, Slimmons, and Robert Washington, collated by appellant in a supplemental brief, are such, taken with the entire testimony of such witnesses, as fairly make such matter an issue of fact.

The statements referred to are:

1st. That of plaintiff Cloyd: "It was the duty of a hostler to go

into the cab in order to handle the reverse lever and throttle which causes a locomotive to move. . . . Escamilla was not a wiper and did not do the same kind of work which I did. It was no part of the duties of a wiper to move the reverse lever or throttle of the locomotive. My duty was to oil holes, clean out the links of and wipe around the locomotive, and I have been doing this ever since I had been at work there, but the boss did not require wipers to work in the cab. Ramon Escamilla was a hostler whose duties were to run engines in and out of the roundhouse."

2d. That of Slimmons: "I heard some one throwing the reverse lever and looked up into the cab and saw Ramon pulling the throttle. Ramon was a hostler whose duty it was to run the engine in and out of the roundhouse."

3d. That of Washington: "After Tom (Cloyd) hollered under the engine, I saw Ramon Escamilla come down out of the cab under which Tom was working. The engine had steamed up and was headed into the roundhouse. Ramon was a wiper and a hostler."

It was uncontradicted by any evidence that the act of Ramon did not cause the engine to move, and that at that time the work of cleaning the engine was not finished. Plaintiff himself testified that they had not finished cleaning it and that an engine is not taken out until after it is cleaned, that he did not know how long they worked on this engine, cleaning it, after the accident occurred.

Upon cross-examination plaintiff gave this testimony: "I have seen Ramon Escamilla engaged in wiping engines and cleaning different parts of the engine. I do not know what he was doing in the engine at the time I was hurt. . . . I will not swear that Ramon Escamilla was not wiping up in the cab of the engine at the time I was hurt. . . . I have seen Ramon cleaning engines, and I have seen him tightening up bolts and doing other work around an engine. . . . A wiper would wipe and clean engines and do anything that would be necessary to be done about the roundhouse when told to do so by the foreman. . . . When he (Ramon) came out of the cab, he was going around the engine looking under it, but I do not know what he was doing."

This testimony materially qualifies and fixes the effect of the expressions quoted by appellant. Escamilla may have been a hostler to bring in and take out engines, but according to plaintiff's further testimony he was also a wiper and a doer of work on engines in the roundhouse, at other times. Plaintiff emphatically says that he would not say that Ramon was not wiping up in the cab at the time plaintiff was hurt. The testimony shows without dispute, that the engine was not being taken out, nor ready to be taken out, and was still being cleaned. The testimony of plaintiff does not contradict the evidence that Escamilla was one of the persons engaged at the time in wiping this engine.

There is nothing in the testimony of either Slimmons or Washington which contradicts said testimony. Washington said he was a hostler and a wiper. Escamilla may have been a hostler, but may have and did have other duties as plaintiff's testimony itself goes to show. Slimmons testified also: "At the time Tom was hurt, we were all at work

on the same engine, Escamilla being up in the cab. . . . After Tom Cloyd came out from under the engine, I saw Escamilla come down out of the cab right where we were standing, and he had a hammer in one hand and some waste in the other hand. The waste he had in his hand was the same kind of waste we used in wiping the engine. . . . When Ramon Escamilla came down out of the cab, he began wiping the driving wheel on the engine." Washington also stated in his testimony: "We were all working on the same engine at the time the plaintiff was hurt. I do not know what Ramon Escamilla was doing up in the cab of the engine. It is possible that he was wiping the head of the engine. . . . When Ramon Escamilla came down out of the cab of the engine, he had a hammer in one hand and some waste in the other, the waste he had was the same kind of waste that we used in wiping the engine. When he came down, he passed around the engine and used the waste in rubbing off some of the rods of the engine."

Besides the testimony of the said witnesses, there was that of several others, who testified that Slimmons, Washington, Jake Cloyd, Escamilla and appellant were all employed at the time as wipers in the roundhouse.

The testimony establishes that Escamilla and plaintiff were fellow servants, as that relation is defined in the statute, in every particular, unless the statements quoted from the testimony of Slimmons, Washington and appellant, were sufficient in view of their entire testimony to authorize a jury to find that Ramon was acting in the capacity of hostler, and was in the act of moving the engine out, when he disturbed or reversed the lever. We do not think the evidence was such as to make that an issue. The testimony in our judgment admits of but one result, which is that plaintiff, Escamilla, and the others were engaged at the time in the common work of cleaning this engine and putting it in order preparatory to use, and that it was the act of this fellow servant which caused plaintiff's injury.

The judgment is therefore affirmed.

*Affirmed.*

Writ of error refused.